UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| GEORGE JOSEPH RAUDENBUSH III | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-580 |
| | ) | *Phillips* |
| | ) | |
| DAVID OSBORNE, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by petitioner George Joseph Raudenbush III ("petitioner"). The matter is before the

court on the motion to dismiss filed by the Attorney General for the State of Tennessee on

behalf of the respondent. There are also pending various motions filed by petitioner. For the

following reasons, the motion to dismiss [Court File No. 11] will be **GRANTED** and this

action will be **DISMISSED WITHOUT PREJUDICE**. All other pending motions will be

**DENIED** as **MOOT**.

Petitioner challenges his state court convictions in the Criminal Court of Monroe

County, Tennessee, for evading arrest (two counts), assault (two counts), reckless

endangerment, failing to comply with the financial responsibility law, speeding, and driving

on a suspended license. He alleges several grounds for relief, including ineffective assistance

of counsel. The Attorney General moves to dismiss the petition for failure to exhaust state remedies.

Petitioner states that he was convicted on August 24, 2011, and sentenced on October 17, 2011. In support of the motion to dismiss, the Attorney General has provided the court with relevant orders of the state appellate courts and other documents with respect to petitioner's state court appeals. [Court File No. 11, Motion to Dismiss, Attachments 1-4]. While his state charges were pending before the trial court, and before his convictions, petitioner filed an application with the Tennessee Court of Criminal Appeals for permission to file an interlocutory appeal concerning his criminal proceedings. [Attachment 1, Application]. The application was denied on August 2, 2011. [Attachment 2, Order]. Petitioner then filed with the Tennessee Supreme Court, on August 19, 2011, an application for permission to appeal. [Attachment 3, Application]. The application was denied on October 20, 2011. [Attachment 4, Order].

Petitioner does not allege, nor does the record suggest, that he filed either a direct appeal of his convictions and sentence or a petition for post-conviction relief. Petitioner filed the instant petition for federal habeas corpus relief on December 2, 2011, less than two months after his sentencing.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas

corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

As noted, petitioner filed the instant petition less than two months after he was sentenced by the Monroe County Criminal Court. Clearly, that was before he had the opportunity to exhaust an appeal to the Tennessee Court of Criminal Appeals. In addition, petitioner still has available a remedy for pursuing his constitutional claims, namely a petition for post-conviction relief pursuant to Tenn. Code Ann. § 40-30-101, *et seq*. Accordingly, petitioner has failed to exhaust his available state court remedies.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. All other pending motions will be **DENIED** as **MOOT**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

_____ s/ Thomas W. Phillips _____
United States District Judge